FILED
5/16/2022 5:50 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003739
Calendar, Z
17918659

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**                                        (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

DILLARD

_____

Plaintiff(s)

v.

Case No.    2022 L 003739

BLUE ISLAND SLF, LLC d/b/a PRAIRIE
GREEN AT FAY'S POINT

_____

Defendant(s)

c/o STEPHEN J LEVY
303 E Wacker Dr., #2400; Chicago, IL 60601

_____

Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ● Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**        **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

Atty. No.: 47510
Pro Se 99500

Name: Bryan J. O'Connor
Atty. for (if applicable):
Plaintiff

Address: 155 N. Michigan Avenue, Suite 540

City: Chicago

State: IL  Zip: 60601

Telephone: 312-334-6875

Primary Email: boconnor@wglawgroup.com

Witness date

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
              OR
              ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

#### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

#### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

FILED
4/22/2022 3:33 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

Calendar, Z
17615602

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| NATASHA DILLARD, Administrator of | ) | |
| the Estate of NADINE DILLARD, | ) | |
| deceased, | ) | |
| Plaintiff, | ) | 2022L003739 |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE ISLAND SLF, LLC d/b/a PRAIRIE | ) | |
| GREEN AT FAY'S POINT | ) | |
| | ) | |
| Defendants, | ) | |

## PLAINTIFF'S COMPLAINT AT LAW

Plaintiff NATASHA DILLARD, Administrator of the Estate of NADINE DILLARD, deceased, through her attorneys WHITESIDE & GOLDBERG, LTD., submits the following Complaint against Defendant BLUE ISLAND SLF, LLC, d/b/a PRAIRIE GREEN AT FAY'S POINT:

## ASSERTIONS APPLICABLE TO BOTH COUNTS

1.     Because certain information is unavailable to Plaintiff at the time of filing, certain matters are plead in the alternative pursuant to Section 2-613 of the Illinois Code of Civil Procedure.

2.     NADINE DILLARD (hereinafter NADINE) died on April 27, 2020 in Cook County, Illinois.

3.     NATASHA DILLARD is a Cook County resident; the daughter of NADINE; and the Administrator of the Estate of NADINE.

4.     BLUE ISLAND SLF, LLC, d/b/a PRAIRIE GREEY AT FAY'S POINT (hereinafter DEFENDANT) is a Cook County resident and/or does business in Cook County, Illinois.

5.    Between 2019 through April 27, 2020, DEFENDANT owned, operated, and/or managed an assisted living facility at 1546 W Water Street [Blue Island (Cook County), Illinois] known as Prairie Green at Fay's Point (hereinafter Prairie-Green).

6.    Between 2019 through April 27, 2020, Prairie-Green was a (and provided) supportive living program and was a (and provided) specialized health care delivery system.

7.    Between 2019 and her death, NADINE was a resident at Prairie-Green.

8.    On and before April 27, 2020, and as to Prairie-Green, DEFENDANT was not rendering assistance to the State of Illinois in response to the COVID-19 outbreak; namely, they were not increasing the number of beds at is facility.

9.    On and before April 27, 2020, and as to Prairie-Green, DEFENDANT was not rendering assistance to the State of Illinois in response to the COVID-19 outbreak; namely, they were not providing, preserving and properly employing PPE.

10.    On and before April 27, 2020, and as to Prairie-Green, DEFENDANT was not rendering assistance to the State of Illinois in response to the COVID-19 outbreak; namely, they were not conducting widespread testing of residents for COVID-19.

11.    On and before April 27, 2020, and as to Prairie-Green, DEFENDANT was not rendering assistance to the State of Illinois in response to the COVID-19 outbreak; namely, they were not conducting widespread and regular testing of staff for COVID-19.

12.    On and before April 27, 2020, and as to Prairie-Green, DEFENDANT was not rendering assistance to the State of Illinois in response to the COVID-19 outbreak; namely, they were not properly providing medical care to patients with COVID-19 and preventing further transmission of COVID-19.

13.     At all times relevant to this Complaint, DEFENDANT was a recipient of Medicare and Medicaid reimbursement funds for utilization at Prairie-Green.

14.     At all times relevant to this Complaint, and as to Prairie-Green, DEENDANT represented [to NADINE and her family] itself as a facility that possesses a proper level of competent and qualified nursing staff to provide residents with quality and skilled care, including but not limited to infection (communicable disease) prevention and control.

15.     At all times relevant to this Complaint, DEFENDANT represented to NADINE and her family that Prairie-Green was a facility that properly assesses and communicates changes in NADINE's condition and/or living situation, including but not limited to, the presence and/or outbreak of highly contagious illnesses at Prairie-Green, and symptomology indicating potential illness and/or disease.

16.     At all times relevant to this Complaint, DEFENDANT represented to NADINE and her family that Prairie-Green was a facility that provides infection (communicable disease) prevention and control services to its residents, to protect them from illness and/or infectious disease (virus), thereby ensuring a higher quality of life for residents such as NADINE.

17.     At all times relevant to this Complaint, NADINE and her family specifically and reasonably relied on DEFENDANT's representations that Prairie-Green provides their residents high quality and competent care, including infection (communicable disease) prevention and control.

18.     At all times relevant to this Complaint, NADINE and her family specifically and reasonably relied on DEFENDANT's representations that Prairie-Green properly assesses and communicates changes in NADINE's condition and/or living situation, including but not limited

to, presence and/or outbreak of highly contagious illnesses at Prairie-Green, and symptomology indicating potential illness and/or disease.

19.     DEFENDANT'S representations outlined herein are a reason why NADINE and her family selected Prairie-Green.

20.     Upon information and belief, in March of 2020, residents and/or staff at Prairie-Green showed signs and symptoms of COVID-19.

21.     At all times relevant to this Complaint, NADINE was at high risk for suffering serious medical complications, including death, if she contracted COVID-19.

22.     On and prior to April 27, 2020, DEFENDANTS knew residents like NADINE, who comprise an elderly patient population in a group assisted living home, and who have documented underlying medical conditions, were at high risk for contracting and transmitting respiratory illnesses and other viruses by means of respiratory droplets, including, but not limited to, different types of coronaviruses.

23.     On and prior to April 27, 2020, DEFENDANTS knew residents like NADINE, who comprise an elderly patient population in a group assisted living home with underlying medical conditions, were at high risk for the contracting and transmitting COVID-19, and at high risk of death as a proximate result of COVID-19.

24.     On and prior to April 27, 2020, and as to Prairie-Green, DEFENDANT had duties to follow regulations applicable to assisted living facilities and those applicable to facilities deemed (providing) supportive living programs and specialized health care delivery system.

25.     On and prior to April 27, 2020, and as to Prairie-Green, DEFENDANT had duties to establish and maintain infection (communicable disease) prevention and control systems &

4

protocols to provide a safe environment for its residents and to prevent/control infections and communicable diseases.

26.    On and prior to April 27, 2020, and as to Prairie-Green, DEFENDANT had duties to comply with rules, directives, and guidance (guidelines) issued by Illinois Department of Public Health and Center for Medicare and Medicaid Services concerning infection (communicable disease) prevention and control.

27.    On and prior to April 27, 2020, DEFENDANT had duties to exercise ordinary care for NADINE's safety.

28.    DEFENDANT breached its duties because of one or more of the following:

   a.   Failing to establish, maintain and/or enforce proper systems (protocols) for preventing and controlling COVID-19.

   b.   Failing to properly obtain and monitor vitals for all residents for signs & symptoms of respiratory distress, fever, cough, etc., all of which are known signs & symptoms of COVID-19.

   c.   Failing to properly test residents and staff for COVID-19.

   d.   Failing to provide, maintain, utilize and/or enforce proper contact and droplet precautions and PPE, including but not limited to masks, gowns, face coverings.

   e.   Failing to ensure that staff perform proper hand hygiene (washing hands and changing gloves) and sanitizing.

   f.   Failing to provide sufficient staff to meet the needs of residents.

   g.   Failing to properly disinfect and clean surfaces and facility spaces & rooms.

   h.   Failing to provide, maintain and/or enforce proper disinfectant and hygiene products to residents, staff, and visitors.

   i.   Failing to take proper action when residents and/or staff had evidence of signs/symptoms of respiratory illness or COVID-19.

j.  Failing to properly train & instruct staff about properly identifying, investigating, and preventing and controlling COVID-19 infections.

k.  Allowing and encouraging its staff to care for an inappropriately large number of residents in a single given day and/or shift.

l.  Failing to provide care and treatment to residents in compliance with Infection Control and Prevention policies and procedures, and the rules (standards, guidelines, etc.) of the Illinois Department of Public Health and Center for Medicare and Medicaid Services (CMS).

## COUNT 1 – WRONGFUL DEATH ACTION (NEGLIGENCE)

29.  DEFENDANT'S negligence, including that outlined in paragraph 28, was a proximate cause of the death of NADINE.

30.  The following are the surviving heirs of NADINE:

a)  Natasha Dillard
b)  Nicholas Dillard

31.  As a proximate result of the wrongful death of NADINE, each of her heirs suffered serious and permanent pecuniary losses, including but not limited to loss of society; grief, sorrow, and mental suffering; loss of support, attention, care, superindence, instruction, and moral training; and loss of money, benefits, goods, and services.

32.  Plaintiff NATASHA DILLARD brings this action pursuant to 740 ILCS 180/1, *et seq.,* known as the Illinois Wrongful Death Act.

WHEREFORE, Plaintiff NATASHA DILLARD, as Administrator of the Estate of NADINE DILLARD, requests judgment in her favor and against Defendant [BLUE ISLAND SLF, LLC, d/b/a PRAIRIE GREEN AT FAY'S POINT], in an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00), plus recoverable litigation/trial costs and expenses.

## COUNT II – FUNERAL/BURIAL & MEDICAL EXPENSES (NEGLIGENCE)

33.    In accordance with Illinois Supreme Court Rule 134, Plaintiff restates paragraphs 1 through 31 as paragraph 33 and incorporates paragraphs 1 through 31 into paragraph 33.

34.    In Illinois, where there is a wrongful death but no claim under 750 ILCS 65/15, the Administrator may bring an independent action seeking the funeral and burial expenses paid by the Estate and the medical expenses caused by the Defendant's negligent or wrongful conduct. *Saunders v Schultz*, 20 Ill.2d 301; 170 N.E.2d 163.  IPI No. 31.14.

35.    For the reasons outlined in this Complaint, DEFENDANT's negligence was a proximate cause of the wrongful death of NADINE, and as a further proximate result, the Estate incurred (and paid for) significant burial and funeral expenses.

36.    For the reasons outlined in this Complaint, and as a proximate result of DEFENDANT'S negligence, NADINE sustained injuries and a deterioration of her condition, and required medical care, for which significant expenses were charged, and as a further proximate result of Defendant's negligence and NADINE's resultant wrongful death, the Estate incurred the aforementioned medical expenses.

WHEREFORE, Plaintiff NATASHA DILLARD, as Administrator of the Estate of NADINE DILLARD, requests judgment in her favor and against Defendant [BLUE ISLAND SLF, LLC, d/b/a PRAIRIE GREEN AT FAY'S POINT], in an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00), plus recoverable litigation/trial costs and expenses.

## COUNT III - SURVIVAL ACTION (NEGLIGENCE)

37.    In accordance with Illinois Supreme Court Rule 134, Plaintiff restates paragraphs 1 through 28 as paragraph 37 and incorporates paragraphs 1 through 28 into paragraph 37.

38.    As a proximate result of DEFENDANT'S negligence, including that outlined in paragraph 28, NADINE sustained injuries and incurred non-economic damages, including but not

7

limited to, contracting COVID-19; poor quality of life; deterioration of her overall physical, mental, and psychosocial condition; a loss of dignity and self-respect; pain and suffering; disfigurement, disability; loss of normal life; and distress, all of which NADINE suffered from up until the time of her death.

39.    Plaintiff NATASHA DILLARD brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, Plaintiff NATASHA DILLARD, as Administrator of the Estate of NADINE DILLARD, requests judgment in her favor and against Defendant [BLUE ISLAND SLF, LLC, d/b/a PRAIRIE GREEN AT FAY'S POINT], in an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00), plus recoverable litigation/trial costs and expenses.

## COUNT IV – WRONGFUL DEATH (Willful & Wanton)

40.    In accordance with Illinois Supreme Court Rule 134, Plaintiff restates paragraphs 1 through 28 as paragraph 40 and incorporates paragraphs 1 through 28 into paragraph 40.

41.    Plaintiff asserts that Governor Pritzer's order/directive [*that Plaintiffs asserting claims related to contracting COVID-19 must prove willful and wanton violations*] are unconstitutional exercises of power that restrict fundamental liberties and statutory rights, and are neither narrowly tailored nor the least restrictive means possible.

42.    By pleading claims for willful and wanton misconduct and violations, Plaintiff is not waiving its rights to object to, and dispute the applicability of, the aforementioned order/directive of Governor Pritzer.

43.    Further, Plaintiff asserts that Governor Pritzer's order/directive [*that Plaintiffs asserting claims related to contracting COVID-19 must prove willful and wanton violations*] do

not apply to DEFENDANT and/or are not applicable to Plaintiff's claims, including those in this Complaint.

44.    On and prior to April 27, 2020, and as to Prairie-Green, DEFENDANT had duties to refrain from willful & wanton conduct, decisions, and violations which endangered the safety of NADINE.

45.    Regarding DEFENDANT's breaches of duty outlined in paragraph 28, they were done with utter indifference to or conscious disregard for NADINE's safety and well-being.

46.    DEFENDANT'S willful and wanton conduct/violations, including that outlined in paragraph 45, was a proximate cause of the death of NADINE.

47.    In accordance with Illinois Supreme Court Rule 134, Plaintiff restates paragraphs 30 through 32 as paragraph 47 and incorporates paragraphs 30 through 32 into paragraph 47.

WHEREFORE, Plaintiff NATASHA DILLARD, as Administrator of the Estate of NADINE DILLARD, requests judgment in her favor and against Defendant [BLUE ISLAND SLF, LLC, d/b/a PRAIRIE GREEN AT FAY'S POINT], in an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00), plus recoverable litigation/trial costs and expenses.

### COUNT V – FUNERAL/BURIAL & MEDICAL EXPENSES (Willful & Wanton)

48.    In accordance with Illinois Supreme Court Rule 134, Plaintiff restates paragraphs 1-28 & 40-47 as paragraph 48 and incorporates paragraphs 1-28 & 40-47 into paragraph 48.

49.    In Illinois, where there is a wrongful death but no claim under 750 ILCS 65/15, the Administrator may bring an independent action seeking the funeral and burial expenses paid by the Estate and the medical expenses caused by the Defendant's negligent or wrongful conduct. *Saunders v Schultz*, 20 Ill.2d 301; 170 N.E.2d 163. IPI No. 31.14.

50. For the reasons outlined in this Complaint, DEFENDANT's willful & wanton misconduct and violations were a proximate cause of the wrongful death of NADINE, and as a further proximate result, the Estate incurred (and paid for) significant burial and funeral expenses.

51. For the reasons outlined in this Complaint, and as a proximate result of DEFENDANT's willful & wanton misconduct and violations, NADINE sustained injuries and a deterioration of her condition, and required medical care, for which significant expenses were charged, and as a further proximate result of DEFENDANT's willful & wanton misconduct/violations and NADINE's resultant wrongful death, the Estate incurred the aforementioned medical expenses.

WHEREFORE, Plaintiff NATASHA DILLARD, as Administrator of the Estate of NADINE DILLARD, requests judgment in her favor and against Defendant [BLUE ISLAND SLF, LLC, d/b/a PRAIRIE GREEN AT FAY'S POINT], in an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00), plus recoverable litigation/trial costs and expenses.

## COUNT VI – SURVIVAL ACTION (Willful & Wanton)

52. In accordance with Illinois Supreme Court Rule 134, Plaintiff restates paragraphs 1-28 & 40-45 as paragraph 52 and incorporates paragraphs 1-28 & 40-45 into paragraph 52.

53. As a proximate result of DEFENDANT'S willful & wanton misconduct and violations, including that outlined in paragraph 45, NADINE sustained injuries and incurred non-economic damages, including but not limited to, contracting COVID-19; poor quality of life; deterioration of her overall physical, mental, and psychosocial condition; a loss of dignity and self-respect; pain and suffering; disfigurement, disability; loss of normal life; and distress, all of which NADINE suffered from up until the time of her death.

54.     Plaintiff NATASHA DILLARD brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, Plaintiff NATASHA DILLARD, as Administrator of the Estate of NADINE DILLARD, requests judgment in her favor and against Defendant [BLUE ISLAND SLF, LLC, d/b/a PRAIRIE GREEN AT FAY'S POINT], in an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00), plus recoverable litigation/trial costs and expenses.

Respectfully submitted,
WHITESIDE & GOLDBERG
Attorneys for Plaintiff

By _____

BRYAN J. O'CONNOR #6285062

WHITESIDE & GOLDBERG, LTD. #47510
155 N. Michigan Ave., Suite 540, Chicago, IL 60601
312-334-6875 (ph) / 800-334-6034 (fax)
boconnor@wglwgroup.com

11

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
4/22/2022 3:33 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

Calendar, Z
17615602

| | |
|---|---|
| NATASHA DILLARD, Administrator of the Estate of NADINE DILLARD, deceased, | ) ) ) |
| Plaintiff, | ) ) 2022L003739 |
| v. | ) ) |
| BLUE ISLAND SLF, LLC d/b/a PRAIRIE GREEN AT FAY'S POINT | ) ) ) |
| Defendants, | ) |

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)**

Pursuant to Supreme Court Rule 222(b), Bryan J. O'Connor, Counsel for the above-named

Plaintiff, certifies that Plaintiff seeks money damages in excess of Fifty Thousand and 00/100ths

Dollars (50,000.00).

Respectfully submitted,
WHITESIDE & GOLDBERG
Attorneys for Plaintiff

BRYAN J. O'CONNOR #6285062

WHITESIDE & GOLDBERG, LTD. #47510
155 N. Michigan Ave., Suite 540, Chicago, IL 60601
312-334-6875 (ph) / 800-334-6034 (fax)
boconnor@wglwgroup.com